# Third District Court of Appeal

## State of Florida

Opinion filed April 10, 2019.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-2328
Lower Tribunal No. 08-113
_____


**R.J. Reynolds Tobacco Company,**
Appellant/Cross-Appellee,

vs.

**Mirtha Ledo, etc.,**
Appellee/Cross-Appellant.


An Appeal from the Circuit Court for Miami-Dade County, Migna Sanchez-Llorens, Judge.

King & Spalding LLP and Scott Michael Edson (Washington, DC) and William L. Durham, II (Atlanta, GA), for appellant/cross-appellee.

Koch Parafinczuk Wolf Susen and Justin Parafinczuk and Austin Carr (Fort Lauderdale); Burlington & Rockenbach, P.A., and Bard D. Rockenbach (West Palm Beach), for appellee/cross-appellant.


Before SALTER, LINDSEY and MILLER, JJ.

SALTER, J.

R.J. Reynolds Tobacco Company ("R.J. Reynolds") appeals an adverse jury verdict and final judgment in favor of Mirtha Ledo, the personal representative of the estate of her late husband, José Ledo. On cross-appeal, Mrs. Ledo contends that the trial court erred in granting a directed verdict in favor of R.J. Reynolds regarding Mrs. Ledo's claim for punitive damages. Mrs. Ledo's late husband died from laryngeal cancer in 1996. Mrs. Ledo's lawsuit was brought as an "Engle-progeny" case.[1]

Main Appeal—Closing Argument

We affirm the jury verdict and judgment against R.J. Reynolds in the main appeal, and the denial of R.J. Reynolds' motion for a new trial. The trial court carefully considered R.J. Reynolds' objections to the allegedly "pervasive improper and prejudicial closing arguments" by Mrs. Ledo's counsel, sustaining objections when warranted, and admonishing Mrs. Ledo's counsel and providing curative instructions in some instances.

The improper statements in closing, a few instances of overenthusiasm in a two-week trial, were not "so highly prejudicial and inflammatory" that R.J. Reynolds was denied a fair trial. See Philip Morris USA, Inc. v. Cuculino, 165 So. 3d 36, 39 (Fla. 3d DCA 2015). The trial court did not abuse its discretion in its

---

[1] Such cases assert membership in the class of plaintiffs considered in Engle v. Liggett Group, Inc., 945 So. 2d 1246 (Fla. 2006).

2

rulings on the objections, motions for mistrial, and motion for new trial made by R.J. Reynolds, though applying a somewhat more deferential (federal) standard of review, see also Cote v. R.J. Reynolds Tobacco Co., 909 F.3d 1094, 1104-05 (11th Cir. 2018).

Cross-Appeal: Directed Verdict on Punitive Damages Claim

Mrs. Ledo's cross-appeal of the trial court's directed verdict on her punitive damages claim is subject to a de novo standard of review. See Wald v. Grainger, 64 So. 3d 1201, 1205 (Fla. 2011) ("A directed verdict is proper when the evidence and all inferences from the evidence, considered in the light most favorable to the non-moving party, support the movant's case and there is no evidence to rebut it."). The jury returned a verdict form that determined "by clear and convincing evidence that punitive damages are warranted against RJ Reynolds under the circumstances of Plaintiff's design defect claim."

Before the motion for directed verdict was made in this case, the Florida Supreme Court ruled that the individual members of the class could seek punitive damages relating to the two non-intentional tort claims addressed in Engle, negligence or strict liability, in an appropriate case. See Soffer v. R.J. Reynolds Tobacco Co., 187 So. 3d 1219 (Fla. 2016). In the present case, the trial court entered an order about two months before trial granting Mrs. Ledo's motion for leave "to plead punitive damages on her non-intentional tort claims of strict liability/design

3

defect (Count I of the Amended Complaint) and negligence (Count VI of the Amended Complaint)." The order cited Soffer, considered the requirements imposed by section 768.72, Florida Statutes (2016), and held that Mrs. Ledo had demonstrated a reasonable basis for asserting her claim for punitive damages. The order determined that Mrs. Ledo's proffer "satisfies the legal requirements of section 768.72."

The Florida Supreme Court also held, in Philip Morris USA, Inc. v. Douglas, 110 So. 3d 419, 430 (Fla. 2013), that the tobacco defendants in Engle (a group including R.J. Reynolds) were bound by the jury's "Phase I" findings in Engle regarding negligence and strict liability[2] upon a showing that "addiction to smoking the defendants' cigarettes containing nicotine was a legal cause of the injuries alleged." The jury had ample competent, substantial evidence before it to support its verdict that Mrs. Ledo had made this case-specific showing.

Moreover, a comparison of Mrs. Ledo's (a) proffer of evidence at the time of her motion to amend her complaint to add a punitive damages claim, and (b) the evidentiary record at trial, demonstrates that she fulfilled the commitments of her proffer. The jury's verdict, like numerous other verdicts finding liability for punitive damages in Engle-progeny cases in Florida, was based on evidence that (1) a

---

[2] "[T]hat all of the defendants sold or supplied cigarettes that were defective." Engle, 945 So. 2d at 1277.

defective product, known by the manufacturers to be addictive, was intentionally and continuously introduced to consumers by the manufacturers, (2) Mrs. Ledo's husband was one of those consumers, and (3) the defective product caused her husband's cancer and death.

On the cross-appeal, therefore, we reverse and remand the order directing a verdict in favor of R.J. Reynolds on Mrs. Ledo's punitive damages claim.[3]  We reinstate the jury's finding as to liability on that claim and remand for a new trial limited solely to the amount of such damages.  See Soffer, 187 So. 3d at 1233.

Affirmed in part, reversed in part, and remanded for a new trial on the limited issue specified in this opinion.

---

[3]  Our disposition of this issue on cross-appeal makes it unnecessary to address Mrs. Ledo's other issues on cross-appeal.